## YACCHARI v YACCHARI

Ohio Appeals, 1st Dist, Hamilton Co

No. 3912. Decided June 1, 1931

LEVINE, PJ (8th Dist) and RICHARDS and WILLIAMS, JJ, (6th Dist) sitting.

Harry Hess, Cincinnati, for Marie Yacchari.

E. G. Schuessler, Cincinnati, for J. P. Yacchari.

### PER CURIAM

During the January term of 1931, the cause came on to be heard on the motion of the defendant to modify the decree for divorce and custody of the minor child, wherein the court granted the motion for a change of custody and decreed that the child be taken from the plaintiff and that it be placed in a boarding home.

The court further modified the times each week during which the defendant was entitled to have the care of such child, and the same was modified so as to limit it to each and every Sunday, on which days the defendant was to have the care of such child commencing at eleven o'clock, A. M., and to remain with him not later than seven o'clock, P. M., at which time he was to return the child to its home, etc."

The court, after overruling said motion to modify, further decreed "that the failure of the plaintiff to send said child, each Sunday, to the Court House to comply with this order, or the failure of the defendant to call for the child and return the child as herein provided, the plaintiff or defendant at fault shall forfeit all rights as to the custody of said child."

The court further decreed that the defendant having failed to pay for the support of said child for a period of seventeen weeks, as provided in the decree for divorce, and not having delivered to said defendant said minor child, that for said period of seventeen weeks defendant is released of the said payment of five dollars weekly for said support for said period of seventeen weeks. To which order of the court to the payment of the support of the child for seventeen weeks, plaintiff excepts."

It will be seen from a perusal of the motion to modify that it is entirely limited and confined to the question of the custody of the child. No mention is found in said motion of the matter of the weekly support which the court decreed for the maintenance of said child. The bill of exceptions presented to this court fails to disclose that the defendant was in default in the weekly payments, as ordered by the court. In so far as the record of the evidence is concerned, the court had nothing before it to even indicate that there was a non-compli-

ance on the part of the defendant with the order of the court of domestic relations that he pay five dollars per week for the maintenance of said child.

We, therefore, find that the court of domestic relations had nothing before it upon which to base a finding that there was such non-compliance on the part of the defendant, and it follows as a logical sequence that without a showing that there was a non-compliance on the part of the defendant, that there is no occasion for the court to release him from the obligation imposed upon him by the original decree.

We therefore order that the judgment of the court of domestic relations be reversed, on the ground that it is manifestly against the weight of the evidence, in which judgment of reversal on that ground that it is against the weight of the evidence, the three members of this court concur.

There is another ground raised upon the record, which is addressed to the power of the court to release the defendant from the payment of the seventeen weekly installments of five dollars each, which installments had already matured at a term subsequent to the one during which the original decree was rendered.

It is quite clear that the court acted upon its own motion when it made said order. When the court of domestic relations made the order releasing the defendant from the payment of the seventeen weekly installments, which already matured, it allowed, nevertheless, the original order to remain unmodified. Had the court during the same term during which the decree was made seen fit to vacate the original order with reference to the weekly payment of five dollars for the maintenance of the child, there is no doubt that, in the exercise of sound discretion, it was empowered so to do. The majority of the court, however, are of the opinion that the court was without power to release the defendant from the payment of the seventeen weekly installments which had already matured, as the order of the court in that respect assumed the sanctity and stability of the judgment.

As to the manner in which judgments may be modified or vacated, the provisions of the general code are quite explicit, and in order to justify the modification or vacation of a judgment, these provisions of the general code must be strictly complied with.

Since no motion or petition to modify or vacate the order previously made was filed, the majority of the court hold that the court of domestic relations was powerless to release the defendant from the payment of the seventeen weekly installments which had already matured. Judgment reversed

and cause remanded for proceedings according to law.

LEVINE, PJ, and WILLIAMS, J, concur. RICHARDS, J.

Concurs in the reversal of the judgment upon the first ground only, that the judgment of the court of domestic relations is manifestly against the weight of the evidence, but dissents from the conclusion reached by the majority of the court as to the second ground, namely as to the power of the court to release the defendant from the payment of the seventeen weekly installments which already matured.